(No. 2074— )

HERBERT E. CLEVELAND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1935.*

JOHN M. PEFFERS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The declaration herein filed on February 21, 1933, alleges that on September 18, 1932, highway employees of the State were using a spray for eradication of Canada thistles; that said highway employees so negligently operated the spray that quantities of the chemicals fell within a field of claimant's adjoining the highway; that the cattle were attracted by the taste and from there went through the pasture fence onto the highway, where they ate the grass and weeds that had been sprayed and as a result were poisoned; that six Guernsey cows of the value of Eighty-five Dollars ($85.00) each died; that two more became damaged and lessened in value to the amount of One Hundred Seventy Dollars ($170.00) and two others to the amount of One Hundred Twenty Dollars ($120.00), and that claimant lost the value of milk from said herd in the sum of Two Hundred Twenty-

five Dollars ($225.00), making a total claim of One Thousand Twenty-five Dollars ($1,025.00).

Claimant states in his brief that he has failed to find an analogous case, and fails to cite any authority which would authorize this court to hold that there is a basis for legal liability upon the part of the State for the damages in question. Counsel suggests that the law of ''Attractive Nuisances'' might well apply as cited in the case of *Fallatt* vs. *I. C. Railroad,* 288 Ill. 506.

There is no doubt that Mr. Cleveland, as the owner of the cattle has suffered a substantial loss, but in the absence of some law creating a legal liability against the State, this court believes itself without jurisdiction to make an award.

The declaration is drawn on the theory that the State is liable for injuries caused by the negligent conduct of its employees. The maintenance of a State highway is a governmental function which the State exercises through its officers and employees, and there is no basis for an award by the State for the negligent acts of its employees in maintaining such highway.

> *Braun* vs. *State,* 6 C. C. R. 104.
> *Derby* vs. *State,* 7 C. C. R. 145.

In his reply brief claimant insists that the damage was caused by the State of Illinois rather than by the acts of its servants. The State can only act through its officers, servants or agents, and the court is of the opinion that no award can be properly allowed herein. Claim denied. Cause dismissed.